**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>v.<br><br>**CHRISTOPHER PUGH (05),**<br><br>    Defendant. | **Case No. 15-40018-05-DDC** |

### MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] prisoner Christopher Pugh's "Motion for 3582, 18 U.S.C. Compassionate Release/Reduction of Sentence" (Doc. 281). Mr. Pugh seeks a sentence reduction or "immediate release" because of the COVID-19 pandemic. *Id.* at 1. The government has responded (Doc. 283). For reasons explained below, the court denies Mr. Pugh's motion without prejudice.

**I.   Background**

In February 2016, a grand jury returned a single count Superseding Indictment charging Mr. Pugh with kidnapping resulting in death. Doc. 64 at 1–2. This charge, if proved beyond a reasonable doubt, would violate 18 U.S.C. §§ 1201(a)(2) and 2. *Id.* at 2. In November 2016, Mr. Pugh entered a plea agreement with the government. Docs. 130 & 131. He pleaded guilty to the kidnapping charge. Doc. 130 at 1–2. The Amended Presentence Investigation Report ("PSR") calculated a total offense level of 33 and a criminal history category of I, producing a

---

[1]   Because Mr. Pugh proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

Guidelines sentencing range of 135 to 168 months' imprisonment.  Doc. 210 at 25 (PSR ¶ 130).  On October 10, 2017, the court sentenced Mr. Pugh to 120 months' imprisonment, followed by three years of supervised release.  Doc. 231 at 2–3 (Judgment); Doc. 236 at 2–3 (Second Am. Judgment).  This 120-month custody sentence represented an 11% reduction below the bottom rung of the Guidelines range.

Mr. Pugh asserts that he currently is incarcerated at FCI 1 Oakdale in Louisiana, and that the facility has had ten confirmed COVID-19 deaths.  Doc. 281 at 1.  He asserts that he has tested positive for COVID-19.  *Id.*  He also asserts that he has "exhausted all remedies to staff and any other requests to them will be futile."  *Id.* at 2.

**II.     Discussion**

Binding authority from this Circuit establishes that "'[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"  *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).  Title 18 U.S.C. § 3582(c)—commonly called the compassionate release statute—permits a court to modify a term of imprisonment but only if certain exceptions apply.  Previously, these exceptions only permitted the Bureau of Prisons to bring a motion under the compassionate release statute.  But in 2018, the First Step Act modified the compassionate release statute, authorizing a defendant to file his own motion for relief.  First Step Act of 2018, Pub. L. No. 115-391, § A 603(b)(1), 132 Stat. 5194 (2018).  This amendment authorized an inmate to make such a motion, but only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).

The government asserts that the court lacks jurisdiction to decide Mr. Pugh's motion because he has not exhausted his administrative remedies. Doc. 283 at 4–6. The government asserts that "the Tenth Circuit has held that Section 3582 acts as a jurisdictional limitation on the ability of district courts to alter previously imposed sentences of imprisonment." *Id.* at 6 (citing *United States v. Spaulding*, 802 F.3d 1110, 1124 (10th Cir. 2015) (noting that the panel is "bound by *McGaughy*'s holding that § 3582(c) acts as a jurisdictional limitation on the ability of district courts to alter previously imposed sentences of imprisonment") (further citations omitted); *see also United States v. Read-Forbes*, No. 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020) (explaining that although the Tenth Circuit has not addressed whether § 3582(c)(1)(A)'s administrative exhaustion requirement—which Congress added in 2018—is jurisdictional, "the text, context, and relevant historical treatment of Section 3582(c)'s various subsections suggest that Congress intended that courts treat the exhaustion requirement as jurisdictional" (internal quotation marks omitted)).

This position is different than the position the government took in another recent case, *United States v. Younger*. *See* Am. Resp. at 2, *United States v. Younger*, No. 16-40012-02-DDC (D. Kan. June 9, 2020), ECF No. 99. In *Younger*, the government conceded that an inmate had exhausted his administrative remedies where he had not exhausted all available administrative appeals and, instead, had waited 30 days after submitting his compassionate release request to the warden to file his motion in federal court. *Id.* In support of its position in *Younger*, the government cited *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). In *Alam*, the Sixth Circuit treated § 3582(c)(1)(A)'s exhaustion requirement as a claim-processing rule, not a jurisdictional bar. *Id.* at 832–34. Although claim-processing rules do not implicate the court's subject matter jurisdiction, the court must enforce them when properly invoked. *Id.* at 833. But, if not invoked,

claim-processing rules are subject to waiver and forfeiture.  *Id.* at 834; *see also Spaulding*, 802 F.3d at 1130–34 (Gorsuch, J., dissenting) (explaining why "§ 3582(c) doesn't strip the district court of any of its preexisting post-judgment jurisdiction and is instead and again a claim-processing rule").

But the court need not resolve this question here because whether the exhaustion requirement is jurisdictional or a claim-processing rule, Mr. Pugh hasn't met his burden.  He has presented no evidence (or even an allegation) that he submitted a compassionate release request to his warden.  He asserts merely that he has "exhausted all remedies to staff and any other requests to them will be futile."  Doc. 281 at 2.  But he has provided no evidence of his purported exhaustion efforts.  Because Mr. Pugh has failed to exhaust his administrative remedies, the court denies his "Motion for 3582, 18 U.S.C. Compassionate Release/Reduction of Sentence" (Doc. 281) without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Christopher Pugh's "Motion for 3582, 18 U.S.C. Compassionate Release/Reduction of Sentence" (Doc. 281) is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 5th day of August, 2020, at Kansas City, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**